UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVARIOL MARQUAVIS TAYLOR,

        Plaintiff,                              Case No. 1:22-cv-10178

v.                                            Honorable Thomas L. Ludington
                                                    United States District Judge

SERGEANT PURDOM, et al.,

        Defendants.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE UNTIMELY RESPONSE**

Plaintiff Davariol Marquavis Taylor alleges that, in October 2021, he called the Prison Rape Elimination Act ("PREA") hotline and filed a PREA grievance after he was stabbed and raped by his cellmate while confined at the Macomb Correctional Facility in Lenox, Michigan. *See* ECF No. 1. But Plaintiff alleges the grievance was "never . . . investigated," and that various Macomb Correctional Facility staff members retaliated against him. *Id.* Plaintiff specifically alleges (1) Sergeant John Purdom retaliated against him "by throwing away [his] clothes, legal work, [and] property" as well as placing him "in the same unit and cell" as his alleged rapist; and (2) Correctional Officer Kingsley Iota kicked him in the leg as he was going to the "dayroom" to "make [his] PREA phone call" and "later slammed [his] hand" in a cell door. *See generally id.*; *see also* ECF No. 57.

Accordingly, in November 2021, Plaintiff filed a *pro se* complaint against Sergeant Purdom, Officer Iota, Cateeva Johnson—Plaintiff's purported case manager—and Macomb Correctional Facility Nurse John Bean, alleging violations of his First, Eighth, and Fourteenth

Amendment rights. *See generally* ECF No. 1. This Court appointed Plaintiff Counsel in May 2023. ECF No. 45.

On August 26, 2024, Defendants filed a joint motion for summary judgment. ECF No. 57. Plaintiff's Response was due on September 16. *See* Local Rule 7.1(e)(2)(A). Over 40 days later, on October 29, 2024, Plaintiff simultaneously filed (1) a motion for leave to file an untimely response, ECF No. 60; and (2) the untimely response itself, ECF No. 61. The next day, Plaintiff withdrew the response, recognizing the Court had not yet granted him leave to file. ECF No. 63. Defendants oppose Plaintiff's Motion for Leave to File an Untimely Response, arguing that Plaintiff has not shown excusable neglect, in part because leave would be prejudicial. ECF No. 62.

Civil Rule 6(b) "provides that when a party moves the court to accept a filing after the relevant deadline, the court may do so 'where the failure to [file before the deadline] was the result of excusable neglect.'" *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (quoting FED. R. CIV. P. 6(b)(1)(B)). Excusable-neglect determinations are within the sound discretion of the district court and guided by five relevant factors: (1) the danger of prejudice to the nonmovant; (2) the length of the delay and its impact on the pending proceedings; (3) the reason for the delay; (4) whether the delay was within the reasonable control of the movant; and (5) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). On balance, these five factors favor granting Plaintiff's motion.

First, Plaintiff's requested leave produces little, if any, prejudice to Defendants. The only argument Defendants assert to the contrary is that they would be prejudiced by a "delay in having their names cleared." ECF No. 62 at PageID.415. But this argument *assumes* that Defendants' Motion for Summary Judgment, ECF No. 57, will be successful. It may not be. This Court has yet to rule, further minimizing any prejudice prompted by Plaintiff's untimely response. Indeed, Sixth

Circuit policy favors deciding cases on the merits, after considering *both* Parties' arguments and evidence. *See Miner v. Ogemaw Cnty. Rd. Comm'n*, 594 F. Supp. 3d 912, 926 (E.D. Mich. 2022) (citing *Burrell v. Henderson*, 434 F.3d 826, 832 (6th Cir. 2006)).

The second factor is neutral. True, Plaintiff's 43-day delay in responding is significant. *See* ECF No. 62 at PageID.416. But this Court has not yet ruled on the pending Motion for Summary Judgment, ECF No. 57, so the delay's impact on proceedings is minimal. *See Nikaj v. Hanover Ins. Co., No*. 2:16-CV-13925, 2018 WL 11358747, at *3 (E.D. Mich. Apr. 25, 2018) (granting leave in part because "the Court had not addressed any of the pending motions").

The third excusable neglect factor—the reason for the delay—weighs against Plaintiff. In his Motion for Leave, Plaintiff explains that his Counsel finalized the Response on September 14, 2024—two days before the filing deadline—but "inadvertently failed to file it." ECF No. 60 at PageID.392. Plaintiff explains that his Counsel genuinely "believe[ed]" that he timely filed the response. *Id.* at PageID.393. Plaintiff explains that, on October 23, 2024, when this Court notified the Parties it would resolve the summary judgment motion on the papers in lieu of a hearing, Plaintiff's Counsel realized this "innocent error" and promptly sought leave to file an untimely response. *See id.* at PageID.392–94. But "inadvertence . . . usually" does not rise to the level of excusable neglect. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993).

The fourth factor weighs in Plaintiff's favor. While the Supreme Court recognizes that parties should be "held accountable for the acts and omissions of their *chosen* counsel," *id.* at 397 (emphasis added), Plaintiff did *not* choose his Counsel in this case.[1] This Court *appointed* Plaintiff

---

[1] Defendants cite *Howard v. Nationwide Prop. & Cas. Ins. Co*., 306 F. App'x 265 (6th Cir. 2009) for the proposition that "the delay was fully within Plaintiff's control" and thus his motion for leave should be denied. ECF No. 62 at PageID.419. But Defendant's reliance on this case is

Counsel in May 2023. ECF No. 45. Moreover, Plaintiff was—and still is—incarcerated, such that he had little to no "reasonable control" over the timeliness of his Counsel's filing. *See* United States v. Steward, No. CR.A. 05-07, 2009 WL 1076691, at *4 (E.D. La. Apr. 16, 2009) (finding excusable delay when movant was incarcerated and "far from appointed counsel"); *Choice Hotels Int'l, Inc. v. Grover*, 792 F.3d 753, 755 (7th Cir. 2015) (All prisoners face difficulties in obtaining and monitoring the performance of counsel[.]").

The fifth and final factor similarly weighs in Plaintiff's favor. There is no evidence in the record suggesting bad faith, and Defendant does not argue otherwise. *See generally* ECF No. 62. Thus, with a score of 3-1-1, the five excusable neglect factors warrant Plaintiff's requested leave to file his albeit untimely response to Defendants' Motion for Summary Judgment, ECF No. 57.

Accordingly, it is **ORDERED** that Plaintiff's Motion for Leave, ECF No. 60, is **GRANTED.**

Further, it is **ORDERED** that Plaintiff is **DIRECTED** to file his Response to Defendants' Motion for Summary Judgment, ECF No. 57, **on or before November 4, 2024.** *See* ECF No. 61.

---

misplaced. In *Howard*, the Sixth Circuit cited the seminal Supreme Court case on excusable neglect and noted that a client "must be held accountable for the acts and omissions of their attorneys." *Howard*, 306 F. App'x at 267 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396 (1993). But this partial quotation does not reflect the Supreme Court's holding. Indeed, read in full, the Supreme Court was merely noting that, "[i]n *other contexts*, *we have held that* clients must be held accountable for the acts and omissions of their attorneys." *Pioneer*, 507 U.S. at 396 (emphasis added). But the Supreme Court went on to clarify that, in the specific context of excusable neglect, parties should only "be held accountable for the acts and omissions of their *chosen* counsel." *Id.* at 397 (emphasis added). The Supreme Court explained the importance of this distinction. When a client "voluntarily cho[o]se[s]" their attorney, they "cannot . . . avoid the consequences of the acts or omissions of this freely selected agent." *Id.* But, when a client does not choose their own counsel, preventing them from filing albeit untimely responses because of their appointed counsel's failures may subject them to an "unjust penalty." *Id.* at 396.

- 5 -

Further, it is **ORDERED** that, in accordance with Local Rule 7, Defendants are **DIRECTED** to file any optional reply briefs **on or before November 18, 2024.**

**This is not a final order and does not close the above-captioned case.**

Dated: November 1, 2024                    s/Thomas L. Ludington
                                                  THOMAS L. LUDINGTON
                                                  United States District Judge